**RICKEY IVIE, ESQ**. (SBN #76864)
*rivie@imwlaw.com*
**RODNEY S. DIGGS, ESQ.** (SBN #274459)
*rdiggs@imwlaw.com*
**ANTONIO K. KIZZIE**, **ESQ.** (SBN #279719)
*akizzie@imwlaw.com*
**ELVIN I. TABAH, ESQ.** (S.B.N.: 286369)
*etabah@imwlaw.com*
**SAMUEL E. CHILAKOS, ESQ.** (SBN# 186296)
*sam@chilakoslaw.com*
**IVIE, McNEILL & WYATT**
444 S. Flower St., Suite 1800
Los Angeles, CA  90071
**Tel:** (213) 489-0028; **Fax:** (213) 489-0552

Attorneys for Plaintiffs **YOURS, MINE AND OURS MUSIC**, **LARRY WHITE, CONNIE WILKINS, and LISA PETERS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOURS, MINE AND OURS MUSIC, a California partnership, LARRY WHITE, an individual, ESTATE OF GRADY WILKINS, deceased, by and through his heir CONNIE WILKINS, and ESTATE OF LEE PETERS, deceased, by and through his heir LISA PETERS, <br><br> *Plaintiffs,* <br><br> vs. <br><br> SONY MUSIC ENTERTAINMENT, A Delaware Corporation, WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, RCA RECORDS, INC., a Delaware Corporation, ATLANTIC RECORDING CORPORATION, a Delaware Corporation, MARK DANIEL RONSON p/k/a MARK RONSON, an individual, PETER GENE HERNANDEZ, p/k/a BRUNO MARS, an individual, JAMAREO ARTIS, an individual, p/k/a JAM, JEFF BHASKER, an | CASE NO.: 16-CV-8056 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **COPYRIGHT INFRINGEMENT** <br> 2. **DECLARATORY AND INJUNCTIVE RELIEF** <br> 3. **ACCOUNTING** <br><br> **JURY TRIAL DEMANDED** |

---

**COMPLAINT FOR DAMAGES**

1

individual, PHILIP LAWRENCE, an )
individual, ARI LEVINE, an )
individual, NICHOLAUS )
WILLIAMS, an individual, p/k/a )
TRINIDAD JAMES, )
CHRISTOPHER GALLASPY, an )
individual, LAWRENCE "BOO" )
MITCHELL, an individual, WAY )
ABOVE MUSIC (BMI), a California )
Corporation, MARS FORCE )
MUSIC, LP, a California limited )
partnership, THOU ART THE )
HUNGER, a California Corporation, )
WB MUSIC CORP, a Delaware )
Corporation, WINDSWEPT )
HOLDINGS LLC, a California )
limited liability company, )
UNIVERSAL MUSIC )
CORPORATION, a Delaware )
Corporation, IMAGEM MUSIC, )
INC, a Delaware corporation, ZZR )
MUSIC, LLC, a California limited )
liability company, TIG7 )
PUBLISHING, LLC, a Georgia )
limited liability company, and DOES )
1-30, INCLUSIVE, )

*Defendants.*

COME NOW Plaintiffs YOURS MINE AND OURS MUSIC, a California partnership, LARRY WHITE, an individual, CONNIE WILKINS, an individual and heir to the estate of GRADY WILKINS, deceased, and LISA PETERS, an individual and heir to the estate of LEE PETERS, deceased, (hereinafter "Plaintiffs") by and through their attorneys at Ivie, McNeill & Wyatt, in their Complaint for Damages ("COMPLAINT") against Defendants SONY MUSIC ENTERTAINMENT, A Delaware Corporation, WARNER/CHAPPELL MUSIC, a Delaware Corporation, RCA RECORDS, INC., a Delaware Corporation, ATLANTIC RECORDING CORPORATIONS, a Delaware Corporation, MARK DANIEL RONSON p/k/a MARK RONSON, an individual, PETER GENE HERNANDEZ, p/k/a BRUNO MARS, an individual, JAMAREO ARTIS, an individual, p/k/a JAM, JEFF BHASKER, an individual, PHILIP LAWRENCE, an

---

**COMPLAINT FOR DAMAGES**

individual, ARI LEVINE, an individual, NICHOLAUS WILLIAMS, an individual, p/k/a TRINIDAD JAMES, CHRISTOPHER GALLASPY, an individual, LAWRENCE "BOO" MITCHELL, an individual, WAY ABOVE MUSIC, MARS FORCE MUSIC, LP, a California limited partnership, THOU ART THE HUNGER, a California Corporation, WB MUSIC CORP, a Delaware Corporation, WINDSWEPT HOLDINGS LLC, a California limited liability company, UNIVERSAL MUSIC CORPORATION, a Delaware Corporation, IMAGEM MUSIC, INC, a Delaware corporation, ZZR MUSIC, LLC, a California corporation, TIG7 PUBLISHING, LLC, a Georgia Corporation, and DOES 1-30, INCLUSIVE, (Hereinafter "Defendants," collectively), hereby allege as follows:

## NATURE OF THE CASE

1.     This is a civil action seeking damages, declaratory and injunctive relief for copyright infringement arising under 17 U.S.C. §§ 101, et seq. (referred to herein as the "Copyright Act"), and other related causes of action.

2.     Plaintiffs YOURS MINE AND OURS MUSIC, LARRY WHITE, estate of GRADY WILKINS and estate of LEE PETERS (hereinafter "Plaintiffs," collectively) were a publishing company and members of a 1980s electro-funk band named "Collage" and possess a beneficial interest in the United States copyright in and to a 1983 "Minneapolis/1980s electro-funk soul" style musical composition Plaintiffs created entitled "Young Girls" (hereinafter the "Original Composition" and/or "Young Girls") initially embodied on a sound recording Plaintiffs produced (hereinafter the "Original Sound Recording" or "Copyrighted Works," collectively).

3.     Plaintiffs bring this action for, *inter alia*, copyright infringement in connection with a certain musical composition and sound recording entitled "Uptown Funk" (hereinafter "Infringing Work" or "Uptown Funk") which is strikingly or substantially similar to Plaintiffs' Copyrighted Works with the same

---

**COMPLAINT FOR DAMAGES**

"Minneapolis/electro-funk soul" sounds throughout and was released on the Album "Uptown Special" (hereinafter the "Infringing Album") by performing artists Defendants MARK DANIEL RONSON p/k/a "MARK RONSON" (hereinafter "DEFENDANT RONSON") and PETER GENE HERNANDEZ p/k/a "BRUNO MARS" (hereinafter Defendant "BRUNO MARS").

4.    Plaintiffs' Original Composition and/or Original Sound Recording may be compared to Defendants' Infringing Work, and is located on the YouTube.com portal at the webpage below listed as:

Collage- "Young Girls"- https://www.youtube.com/watch?v=pfTr_fgQpvg

5.    Defendants' Infringing Work is an obvious, strikingly and/or substantially similar copy of Plaintiffs' Original Composition and/or Original Sound Recording that is located on the YouTube.com portal at the webpage listed as:

"Uptown Funk"- https://www.youtube.com/watch?v=OPf0YbXqDm0

6.    The Infringing Work was released as a first single and multi-national multi-platinum hit by Defendants RONSON and BRUNO MARS in or around November 10, 2014 in the Infringing Album.

7.    The commercial success of "Uptown Funk" and ensuing damage to Plaintiffs cannot be overstated. As of July 2016, "Uptown Funk" has sold in excess of 6,100,000 copies of the single in the United States alone. It also became one of the longest running singles in *Billboard*'s Hot 100 history, the longest-running number-one single of the 2010s decade, and the second-longest number-one single in *Billboard* history. The song is reported to earn $100,000 for the label and copyright claimants per week via streaming on Spotify alone. The video for "Uptown Funk" is also only the ninth video on YouTube to receive over 1 billion views and fifth most viewed YouTube video of all time. Finally, the Infringing Work is RIAA certified multi-platinum in the United States and several other

countries. "Uptown Funk" recently won a Grammy Award for "Record of the Year."

8.     Defendants RONSON, BRUNO MARS and/or DOES 1 through 30 have openly admitted that the creation of "Uptown Funk" was heavily influenced by the "Minneapolis electro-funk soul" sound of the early 1980s. This genre was pioneered by recording artists Prince, The Time with Morris Day, The Gap Band, and Plaintiffs' band, Collage, among others.

9.     Upon information and belief, Defendants RONSON, BRUNO MARS, PHILIP LAWRENCE (hereinafter "Defendant LAWRENCE"), an individual, ARI LEVINE (hereinafter "Defendant LEVINE"), an individual, NICHOLAUS WILLIAMS (hereinafter "Defendant WILLIAMS"), an individual, CHRISTOPHER GALLASPY (hereinafter "Defendant GALLASPY"), JEFF BHASKER (hereinafter "Defendant BHASKER"), JAMAREO ARTIS (hereinafter "Defendant ARTIS"), LAWRENCE "BOO" MITCHELL (hereinafter "Defendant MITCHELL"), an individual,  and DOES 1 through 30 are credited and/or claim credit for the creation of the music composition and sound recording of the Infringing Work. Upon information and belief, DEFENDANT RONSON specifically claims creation/arrangement of certain sounds including, but not limited to, those from the guitar riffs, keyboards, and Linn drums present in the infringing work. Upon information and belief, Defendant BRUNO MARS specifically claims creation/arrangement of certain sounds including, but not limited to the sounds from the drums, guitar and/or vocals present in the infringing work. Upon information and belief, Defendant ARTIS specifically claims creation/arrangement of certain sounds including, but not limited to the sounds from the bass guitar and/or vocals present in the infringing work.

10.     Upon information and belief, songwriting of the Infringing Work is credited to and/or claimed by Defendants RONSON, BRUNO MARS,

LAWRENCE, WILLIAMS, MITCHELL and BHAKSER. However, since the release of "Uptown Funk" and with conceded claims of copying and/or contribution by other artists, the list of songwriters has grown to eleven (11) claimants and include members of another "Minneapolis/1980s electro-funk soul" band called "The Gap Band." On information and belief, Defendant BRUNO MARS is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the Infringing Work, "Uptown Funk." On information and belief, Defendant RONSON is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk." On information and belief, Defendant ARTIS is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk." On information and belief, Defendant JEFF BHASKER is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk." On information and belief, Defendant LAWRENCE is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk." On information and belief, Defendant LEVINE is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk." On information and belief, Defendant GALLASPY is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk." On information and belief, Defendant MITCHELL, an individual, is a writer, composer, publisher, performer, purported creator/owner and/or beneficiary of the infringing music compositions and sound recording "Uptown Funk."

11.    Upon information and belief and despite knowledge and notice of

such infringement, and demands to cease and desist such activities, Defendants have willfully and deliberately released, sold and distributed the Infringing Work to the public, which is a clear, strikingly and/or substantially similar derivative of the Copyrighted Works Plaintiffs composed and created. The original music of the Copyrighted Works is slightly altered but clearly recognizable. Defendants have also repeatedly performed their derivative of Plaintiffs' Copyrighted Works for compensation, including during the February 7, 2016 Pepsi Super Bowl 50 Half-Time Show.

12.    Upon information and belief, despite notice that their actions constituted copyright infringement, Defendants continue to make, copy, distribute, exploit and publicly perform the Infringing Work.

13.    Plaintiffs' Copyrighted Works were copied into the Infringing Work. The Defendants named herein are the performers, writers, producers, publishers, administrators, distributors, and record labels associated with "Uptown Funk," who wrote, created, copied, published, licensed, distributed, manufactured and/or sold "Uptown Funk," or authorized others, to do so in various media.

14.    By this action, Plaintiffs seek judgment: (a) Declaring that Defendants' unauthorized creation and/or distribution of the Infringing Work willfully infringed Plaintiffs' copyrights in and to the Copyrighted Works in violation of the 1976 Copyright Act; (b) For a preliminary and permanent injunction enjoining Defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith, from further infringement of Plaintiffs' copyrights in the Copyrighted Works, including but not limited to the sale and distribution of the Infringing Work and the Infringing Album; (c) Ordering that the Defendants deliver up for destruction all copies including without limitation digital masters and phonorecords containing the Infringing Work which

---

**COMPLAINT FOR DAMAGES**

7

have been made or used in violation of the Plaintiffs' exclusive rights, and of all masters or other articles by means of which such copies or phonorecords may be reproduced; (d) Awarding Plaintiffs, at their election, either (i) actual damages and the profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the maximum amount with respect to the Copyrighted Works, pursuant to 17 U.S.C. § 504(c); (e) For an accounting, the imposition of a constructive trust and restitution and disgorgement of Defendants' unlawful profits and benefits obtained as a result of their misappropriation and damages according to proof; (f) For punitive and exemplary damages in such amount as may be awarded at trial; (g) For prejudgment interest according to law; and (h) Awarding Plaintiffs their attorneys' fees and full costs pursuant to 17 U.S.C. §505.

## PARTIES

15.     Plaintiff YOURS MINE AND OURS is a partnership engaged in systematic and continuous business in the State of California that is a copyright claimant to the Original Composition, "Young Girls," which is the subject of this action.

16.     Plaintiff LARRY WHITE is an individual, former group member of Collage and co-author of the Copyrighted Works "Young Girls" who resides in Las Vegas, Nevada.

17.     Plaintiff CONNIE WILKINS is an individual, wife and heir to deceased co-author and group member of Collage, Mr. GRADY WILKINS, also a co-author of the Copyrighted Works and sound recording "Young Girls" who resides in Las Vegas, Nevada.

18.     Plaintiff LISA PETERS is an individual, daughter and heir to deceased co-author and group member of Collage, Mr. LEE PETERS, who was also a co-author of the Copyrighted Works and sound recording "Young Girls"

---

**COMPLAINT FOR DAMAGES**

who now resides in Sacramento, California.

19.     On information and belief, Defendant SONY MUSIC ENTERTAINMENT is a corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

20.     On information and belief, Defendant WARNER/CHAPPELL MUSIC, INC. is a corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

21.     On information and belief, Defendant RCA RECORDS, INC. is a corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

22.     On information and belief, Defendant ATLANTIC RECORDING CORPORATIONS is a corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

23.     On information and belief, Defendant RONSON is also an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

24.     On information and belief, Defendant BRUNO MARS is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

**COMPLAINT FOR DAMAGES**

25.     On information and belief, Defendant ARTIS is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

26.     On information and belief, Defendant BHASKER is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

27.     On information and belief, Defendant LAWRENCE is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

28.     On information and belief, Defendant LEVINE is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

29.     On information and belief, Defendant GALLASPY is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

30.      On information and belief, Defendant MITCHELL is an individual doing business in the State of California and Tennessee involved in the infringement which took place in Los Angeles, California.

31.     On information and belief, Defendant WAY ABOVE MUSIC is a corporation doing business in the State of California involved in the infringement which took place in Los Angeles, California.

32.     On information and belief, Defendant MARS FORCE MUSIC, LP is a limited partnership doing business in the State of California involved in the infringement which took place in Los Angeles, California.

33.     On information and belief, Defendant THOU ART THE HUNGER is a corporation doing business in the State of California involved in the infringement which took place in Los Angeles, California.

---

**COMPLAINT FOR DAMAGES**

34.     On information and belief, Defendant WB MUSIC CORP is a Delaware corporation doing business in the State of California involved in the infringement which took place in Los Angeles, California.

35.     On information and belief, Defendant WINDSWEPT HOLDINGS LLC, a California limited liability company, engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

36.     On information and belief, Defendant UNIVERSAL MUSIC CORPORATION is a Delaware corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

37.     On information and belief, Defendant IMAGEM MUSIC, INC is a Delaware corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

38.     On information and belief, Defendant ZZR MUSIC, LLC is a limited liability company engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

39.     On information and belief, Defendant TIG7 PUBLISHING, LLC is a Georgia limited liability company, engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los

Angeles, California in whole or in part.

## JURISDICTION AND VENUE

40.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the laws of the United States and the controversy arises under the Copyright Act (17 U.S.C. §§ 101 *et seq*).

41.     This Court has supplemental jurisdiction over the related state claims herein under 28 U.S.C. § 1367 in that these claims form part of the same case and controversy as the federal claims herein. Pursuant to 28 U.S.C. § 1332 there is also diversity of citizenship between the parties and the amount in controversy that exceeds $75,000.00.

42.     This Court has personal jurisdiction over Defendants on the grounds that they reside in and/or are knowingly and purposely doing business in this State and District as all Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business and committing unlawful acts of infringement in this Judicial District and the State of California concerning the Original Composition and Original Sound Recording at issue in this action.

43.     Venue properly lies in this Court pursuant to 28 U.S.C. § 1391 (a) and (b) because a substantial part of the events that are the subject matter of this lawsuit occurred and are occurring in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS
### A. "YOUNG GIRLS"
### THE INFRINGED SONG, COPYING, EXPLOITATION AND STRIKING SIMILARITY

44.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-43, inclusive, as if fully set forth herein.

45.     In the early 1980s in Los Angeles, California, Plaintiffs were the

---

**COMPLAINT FOR DAMAGES**

publishing company of and/or members of an "electro-funk soul" band called "Collage." Collage was signed at this time to production company, Whispers Music, Inc., with a distribution deal with a famous Los Angeles record label called Sound of Los Angeles Records (hereinafter "SOLAR.")

46. Some of Plaintiffs' greatest hits included the singles "Young Girls" in 1983 and a crossover hit both in United States and United Kingdom called "Romeo, Where's Juliet?", both of which were commercially released in the U.S. and U.K. "Young Girls" was specifically distributed by Elektra/Asylum Records, a Warner Communications owned company at that time.

47. In or around 1983, Plaintiffs Larry White and his now deceased band mates, Mr. Grady Wilkins and Mr. Lee Peters, invested substantial funds, talent and hours to independently compose, write, produce and create a new, original arrangement and music composition entitled "Young Girls" hereinafter the ("Original Composition", "Copyrighted Work," and/or "Young Girls") heavy with the bass, rhythm, funky guitar riffs and synthesizer arrangements characteristic of the early 1980s Minneapolis electro-funk soul era. At all material times herein and to this date, Plaintiffs were co-creators and beneficial owners in the Original Composition entitled, "Young Girls."

48. Moreover, Plaintiffs recorded a sound recording, embodying the Original Composition (hereinafter the "Original Sound Recording"). The Original Composition and Original Sound Recording (hereinafter the "Copyrighted Works," collectively) are original works created by Plaintiffs and were copyrighted in or around 1983. A claim of copyright in the Copyrighted Works "Young Girls" was registered and recorded with the United States Copyright Office. A printed copy of the public catalog of the copyright registration of "Young Girls" is dated and identified as follows: July 13, 1983, No. PA0000180504 and attached hereto as Exhibit "A."

---

**COMPLAINT FOR DAMAGES**

49.     After creating the Copyrighted Works, Plaintiffs as the author and/or co-creators transferred a portion of their copyright in a co-publishing deal to publishing companies "Spectrum VII" and co-Plaintiff "Yours Mine & Ours Music," whom are named as Copyright Claimants on the certificate, in exchange for payment of royalties from the Copyrighted Work's exploitation. Spectrum VII had a co-publishing deal with Yours, Mine & Ours which included the right to administer copyrights that were created by writers that were signed to Yours, Mine & Ours during the term of the co-publishing deal. Upon information and belief, "Spectrum VII" was subsequently acquired by "Sony/ATV." Upon information and belief, Plaintiff Yours, Mine & Ours is still owned solely by the Whispers. Spectrum VII maintained administration rights for the length of copyright of the Copyrighted Works that were created during the term of the co-publishing agreement. Accordingly, "Young Girls" is still subject to the co-publishing deal. The co-publishing agreement was coterminous with the Whispers record deal with SOLAR.  Spectrum VII/Sony/ATV continued and continues to administer the songs that were created during the term, but Sony has no ownership interest in Plaintiff Yours, Mine & Ours.

50.     At all material times herein and to this date, Plaintiffs possessed a sufficient beneficial interest in the Copyrighted Work as its co-composers and, thereby, is/was a beneficial owner in the Copyrighted Work and sound recording entitled "Young Girls" with standing to seek judicial relief against copyright infringement under the 1976 Copyright Act. 17 U.S.C. § 501(b). *See* Cortner v. Israel (1984) 732 F.2d 267,271; Broad. Music, Inc. v. Hirsch, 104 F.3d 1163, 1166 (9th Cir. 1997) ("Beneficial ownership arises by virtue of section 501(b) for the purpose of enabling an author or composer to protect his economic interest in a copyright that has been transferred. citing Cortner v. Israel, 732 F.2d 267, 271 (2nd Cir.1984).")

51.     Among the exclusive rights granted to Plaintiffs under the Copyright Act are rights for payment and accounting of royalties for reproduction, distribution and/or exploitation of the Copyrighted Works to the public. At all times relevant herein, Plaintiffs were also entitled to accounting and payment of mechanical royalties by any and all persons or entities that record or otherwise exploit the Copyrighted Works.

52.     Defendant RONSON (is an English musician, DJ, singer, songwriter and record producer. While attending New York University, Defendant RONSON became a regular at downtown hip hop spots and made his name as a DJ on the New York club scene in 1993. Defendant RONSON was known for his diverse, genre-spanning selection of music heavily influenced by and/or comprised of funk/"electro-funk soul," New York hip hop and UK rock.

53.     During the 80s, 90s and even today, it was/is a well-established practice of record labels to provide DJs with singles and albums of artists for purposes of marketing said artists. Further, internet music databases/streaming services such as Youtube, Pandora, Apple Music, Spotify, etc. often and very easily facilitate exposure of music artists in similar genres and various eras to the listener. By virtue of Defendant RONSON not only being a DJ, but a DJ specializing in electro-funk mixing/sets and with a demonstrated ear/interest in said genre since the 1980s/90s and today with both American/New York and UK roots (both of which were places Collage had a following and commercial success) and a member of the Sony music family which had Collage's catalogue upon its acquisition of Spectrum VII, upon information and belief Defendant RONSON had reasonable access to the Copyrighted Work "Young Girls" and used such in the creation of the infringing work, "Uptown Funk," (hereinafter "Infringing Work") as evidenced by its striking and/or substantial similarity to Plaintiffs' Original Composition and Original Sound Recording, "Young Girls."

54.     DEFENDANT BRUNO MARS is an American singer, songwriter, record producer, and choreographer.

55.     Like Defendant RONSON, Defendant BRUNO MARS has established himself as an impeccable entertainer in the pop, pop rock, rhythm and blues, and funk genres of music. Defendant BRUNO MARS is known for his stage performances and retro-funk style music, instrumentation, costumes, dances and showmanship.

56.     Like Ronson, Defendant BRUNO MARS has always demonstrated a keen interest, exposure and talent in the rhythm and blues ("R&B")/funk style of music among others. Defendant BRUNO MARS' music has been noted for displaying a wide variety of styles, musical genres and influences, including funk, pop, rock, reggae, R&B, and soul. Defendant BRUNO MARS lists some of his influences as Prince (an impeccable legend in the area of funk, rock, dance and R&B), George Clinton (another electro-funk pioneer), Elvis Presley, Little Richard, Michael Jackson, and Sly Stone among others. Defendant BRUNO MARS was signed to Motown Records for some time, and then signed with ATLANTIC RECORDING CORPORATION in or about 2009.

57.     Internet music databases/streaming services such as Youtube, Pandora, Apple Music, Spotify, etc. often and very easily facilitates exposure of music artists in similar genres and various eras to the listener. By virtue of Defendant BRUNO MARS not only being an avid funk/electro-funk music fan, but also being signed to Motown Records which is/was a powerhouse and treasure trove for soul, R&B, funk artists and music even by non-Motown artists and working with Defendant RONSON whom had reasonable access to Plaintiff's original works as previously stated, upon information and belief Defendant BRUNO MARS had reasonable access to the Copyrighted Work "Young Girls" and used such consciously or sub-consciously in the creation of the infringing

work "Uptown Funk" as evidenced by its striking and/or substantial similarity to Plaintiffs' Original Composition and/or Original Sound Recording, "Young Girls."

58.     Further showing Defendant BRUNO MARS reasonable access, while at ATLANTIC RECORDING CORPORATION and on or about December 11, 2012, Defendant BRUNO MARS released an album titled "Unorthodox Jukebox," which as a strange but curiously fitting coincidence, also contained and released a music single titled "Young Girls."

59.     Upon information and belief, in or about 2012 through 2014, Defendant RONSON having previously worked with Defendant BRUNO MARS utilized Plaintiffs' Original Composition and Original Sound Recording, "Young Girls" and produced, created, wrote and/or performed a song recording and music composition entitled "Uptown Funk" created in whole or part in California. Upon information and belief, Defendants, specifically Ronson, Hernandez and/or DOES 1 through 30, have repeatedly admittedly to being heavily influenced by and intending to "animate a Minneapolis groove" as set forth in a January 13, 2015 article in Rolling Stone magazine among other places.

60.     The ensuing commercial success of "Uptown Funk" after its release in November 2014 was unprecedented. As of June 2015, "Uptown Funk" has sold more than 6,100,000 copies of the single in the United States alone. It also became one of the longest running singles in *Billboard*'s Hot 100 history, the longest-running number-one single of the 2010s decade, and the second-longest number-one single in *Billboard* history. The song is reported to earn $100,000 for the label and copyright claimants per week via streaming on Spotify alone. The video for "Uptown Funk" is also only the ninth video on YouTube to receive over 1 billion views and is the fifth most viewed Youtube video of all time. Finally, the Infringing Work is RIAA certified multi-platinum in the United States and several

other countries.[1]

61.    Defendants RONSON, BRUNO MARS and/or DOES 1 through 30 have openly admitted that "Uptown Funk" is heavily influenced by the "Minneapolis electro-funk soul" sound of the early 1980s known to have been pioneered by the likes of Prince, The Time with Morris Day, The Gap Band, and Plaintiffs.

62.    Upon information and belief, songwriting of the Infringing Work is credited to and/or claimed by Defendants RONSON, BRUNO MARS, LAWRENCE, WILLIAMS, BHAKSER and MITCHELL. However, Plaintiffs, among several other artists, contend that Defendants went much further than merely animating "a Minneapolis groove" and, in fact, copied Plaintiffs' Original Composition and/or Sound Recording. The Defendants, and each of them, are violating Plaintiff's copyrights in   Plaintiffs' Original Composition and/or Sound Recording by ownership in and sharing income derived from the exploitation of "Young Girls."

63.    In or about the summer of 2015, fans of Collage and Plaintiffs' song "Young Girls" repeatedly brought to Plaintiffs' attention their belief in clear, striking and unequivocal copying between "Young Girls" and "Uptown Funk."

64.    Upon further review and analysis, Defendants' copying of Plaintiffs' music composition and/or sound recording titled "Young Girls" is so blatant, clear and explicit so as to only be reasonably characterized even by a lay-person in the first several seconds as "strikingly similar" in rhythm, harmony, melody, structure, nature, etc.

65.    Upon information and belief, "Young Girls" and "Uptown Funk" both contain strikingly and/or substantially similar, protectable and defining composition elements. The substantial similarities found in "Young Girls" and

---

[1] "Multi-Platinum" currently means that the single has sold 2,000,000 or more units.

"Uptown Funk" are the result of many of the same deliberative creative choices made by their respective composers, exceeding the similarities that might result from attempts to evoke a "groove," "era," "feel," of music or a shared genre. Indeed, these two works are strikingly and/or substantially similar compositionally.

66.    Upon information and belief, many of the main instrumental attributes and themes of "Uptown Funk" are deliberately and clearly copied from "Young Girls," including, but not limited to, the distinct funky specifically noted and timed consistent guitar riffs present throughout the compositions, virtually if not identical bass notes and sequence, rhythm, structure, crescendo of horns and synthesizers rendering the compositions almost indistinguishable if played over each other and strikingly similar if played in consecutively.

67.    As evidenced by interactions with fans of Plaintiffs' and Collage's Copyrighted Works "Young Girls," ordinary observers immediately recognize the striking similarities between these songs, and recognize the appropriation of "Young Girls" in "Uptown Funk."

68.    The Uptown Funk defendants have, without authorization, and without giving any producer or songwriter credit to Plaintiffs created a derivative work of "Young Girls" and reproduced, distributed, displayed, publicly performed and otherwise exploited the Infringing Work resulting in substantial revenue, profit, exposure, endorsements, etc. for Defendants. Indeed, Defendants played, distributed, performed, sold and/or placed for compensation the Infringing Work "Uptown Funk" in award shows, on radio programs, on internet streaming services, in motion pictures, television and television events, advertisements and continue to do so.

69.    Upon information or belief, all Uptown Funk Defendants are responsible in some manner for the events described herein and are liable to the Plaintiffs for the damages they have incurred. Defendants Mark Ronson, BRUNO

MARS, and the other Defendants named herein are the purported writers, composers, performers, producers, record labels, distributors, and publishers who were involved in the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Uptown Funk work, embodied in all forms of media, including videos, digital downloads, records, motion pictures and advertisements, all of which constitute, among other things, the improper creation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, the Defendants and each of them are jointly and severally liable for all amounts owed.

70.     These acts of infringement were willful, knowing, malicious and perpetrated without regard to the Plaintiffs' rights.

71.     On or about November 6, 2015 and again on or about February 26, 2016, all entity Defendants and through their counsel and agents were given notice of the infringement by a letter demanding that they cease and desist the infringement of the Copyrighted Works. A true and correct copy of the cease and desist notices are attached hereto as Exhibit "B," collectively. Despite the notice, the Uptown Funk Defendants continue to infringe on the Copyrighted Works by reproducing, displaying, distributing, exploiting, licensing, and/or publicly performing the Infringing Uptown Funk work. "Uptown Funk" continues to be reproduced, sold, distributed, publicly performed, licensed and otherwise exploited on compact discs and albums, and as digital downloads, ringtones, and mastertones, in theatrical motion pictures, music videos and advertisements, all without payment or producer or songwriter credit to Plaintiffs.

72.     Copyright Office records reflect Defendants RONSON, BRUNO MARS, LAWRENCE, GALLASPY, BHASKER and WILLIAMS as the claimed authors of the Infringing Work "Uptown Funk." A printed copy of the public catalogs of the copyright registration of "Uptown Funk" are attached hereto as

Exhibit "C," collectively.

73.   Upon information and belief, at no time did Defendants have any right to copy, convert, exploit or otherwise use the Composition, Musical Work or any derivatives thereof without fairly compensating Plaintiffs.

74.   Moreover, Plaintiffs have never received any producer royalties, mechanical royalties or public performance royalties in connection with the commercial exploitation of the Original Composition and/or Original Sound Recording by Defendants or any other third parties.

75.   Upon information and belief, Defendants knew that Plaintiffs were the copyright owner and producer of the Original Composition and/or Original Sound Recording at the time the Infringing Work was developed, distributed, released and sold.

76.   While the Defendants, or some of them, attempted to hide their obvious use of the Composition in the Infringing Work by making minor changes, the musical progression of the Original Composition and/or Original Sound Recording are strikingly similar.

77.   Defendants have willfully and intentionally disregarded Plaintiffs' copyright ownership interest in the Original Composition and/or Original Sound Recording.

78.   Defendants have further wrongfully used, distributed and sold the Infringing Work without obtaining authorization from and/or compensating Plaintiffs for their use of Plaintiffs' Original Composition and/or Original Sound Recording.

79.   Defendants' unauthorized use of the Infringing Work and their subsequent distribution and sale of the Infringing Work, without authorization and any payment whatsoever to Plaintiffs for such use was and continues to be a direct infringement of Plaintiffs' copyrights in the Original Composition and/or Original

Sound Recording.

80.    As a result of the Defendants' acts, Plaintiffs have incurred and continue to incur significant damages.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

81.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-80, inclusive, as if fully set forth herein.

82.    The Infringing Work infringes Plaintiffs' copyright interest in the Original Composition and/or Original Sound Recording through its unauthorized bodily misappropriation thereof without compensation.

83.    Plaintiffs did not authorize, license or consent to the use of the Original Composition and/or Original Sound Recording in the Infringing Work by Defendants without compensation, which constitutes an infringement of Plaintiffs' copyright.

84.    Upon information and belief, Defendants had access to Plaintiffs Original Composition and/or Original Sound Recording and intentionally and knowingly infringed the copyright thereto.

85.    Further, the copying is so blatant and clear in structure, harmony, rhythm, melody, type/tone/nature and/or arrangement of bass, guitar and/or crescendo horn/synthesizer notes that the Infringing Work and Original Composition and/or Original Sound Recording are strikingly similar rendering access presumed.

86.    By including the Infringing Work on the Infringing Album, Defendants have violated Plaintiffs' copyright in Plaintiffs' Original Composition and/or Original Sound Recording for the purpose of their own financial gain.

87.    Specifically, without authorization or consent, Defendants copied,

published, and distributed Plaintiffs' Composition embodied in the Infringing Work. In addition, Defendants copied Plaintiffs' Original Composition and/or Original Sound Recording embodied such in the Infringing Work.

88.     Upon information and belief, Defendants have collected fees and royalties from the sale of the Infringing Work and the Infringing Album, and Defendants have retained a portion of those fees and royalties without submitting any amount to Plaintiffs.

89.     Defendants' conduct, including infringement, has been, and continues to be, willful and knowing and with utter and reckless disregard for Plaintiffs' rights, and, as such, Defendants' direct and willful acts of infringement entitle Plaintiffs to recover from Defendants damages pursuant to 17 U.S.C. § 504.

90.     Accordingly, Plaintiffs are entitled to compensatory and/or statutory damages in an amount to be determined at trial, in addition to punitive damages, interest, costs and a statutory award of attorneys' fees.

91.     Plaintiffs do not have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiffs' copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by the Defendants constitutes an interference with Plaintiffs' goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiffs therefrom, is continuing. Defendants' use of copyright infringement has caused Plaintiffs irreparable injury, and Defendants threaten to continue to commit these acts.

92.     By reason of the foregoing acts of copyright infringement, Plaintiffs are entitled to the impounding and destruction of all copies or phonorecords which have been made or used in violation of the Plaintiffs' exclusive rights, and of all masters or other articles by means of which such copies or phonorecords may be reproduced pursuant to the Copyright Act, 17 U.S.C. § 503.

**COMPLAINT FOR DAMAGES**

93.     By reason of the foregoing acts of copyright infringement, Plaintiffs are  entitled to actual damages including all profits reaped by the Defendants as a result of their infringement pursuant to the Copyright Act, 17 U.S.C. § 504. Alternatively, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) for each infringement. Therefore, Plaintiffs demand an accounting to ascertain such profits.

94.     Pursuant to 17 U.S.C. § 505, Plaintiffs are also entitled to his costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
## DECLARATORY AND INJUNCTIVE RELIEF
## (AGAINST ALL DEFENDANTS)

95.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-94, inclusive, as if fully set forth herein.

96.     Plaintiffs possess a beneficial interest in the Original Composition and/or Original Sound Recording making Plaintiffs owner of all right, title and interest (including copyright) in the Copyrighted Works.  The Defendants have, individually, and collectively claimed to own such rights independently of Plaintiffs.

97.     A judicial declaration is necessary to determine the rights and obligations of the parties.

98.     As a result, Plaintiffs seek declaratory judgment that (a) it has the exclusive rights conferred upon a copyright owner under the 1976 Copyright Act to the Original Composition and/or Original Sound Recording, including without limitation the exclusive right to manufacture, distribute, sell and exploit the Copyrighted Works and to grant derivative work licenses therefore including the license required for Defendants to exploit the Infringing Work, (b) none of these Defendants have any interest in and to the Original Composition and/or Original

---

**COMPLAINT FOR DAMAGES**

Sound Recording nor the right to exploit the Infringing Work without Plaintiffs' written approval, and (c) and that any further exploitation of the Infringing Work constitutes willful copyright infringement.  Plaintiffs further seek injunctive relief requiring that Defendants disgorge to Plaintiffs all monies collected by them within as purported copyright owners of the Infringing Work and other derivative work containing Plaintiffs' Original Composition and/or Original Sound Recording.

99.    Plaintiffs are entitled to an injunction enjoining Defendants and their agents, employees, and all other persons in active concert or privity or in participation with them, from directly or indirectly infringing on Plaintiffs' copyright in the Composition and Musical Work or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the Composition and Musical Work, in whatever medium, or to participate or assist in any such activity.

100.   By reason of the foregoing acts of copyright infringement, Plaintiffs are entitled to declaratory relief and a permanent injunction enjoining Defendants from continuing the aforesaid acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 502.

### THIRD CLAIM FOR RELIEF

### ACCOUNTING

### (AGAINST ALL DEFENDANTS)

101.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-100, inclusive, as if fully set forth herein.

102.    Under the causes of action as set forth herein, Plaintiffs may recover any and all profits of Defendants that are attributable to their misappropriation and conversion of Plaintiffs' ideas and property rights.

103.    Upon information and belief, Defendants received, and continue to

---

**COMPLAINT FOR DAMAGES**

receive, profits from the sale of and contracts related to the Infringing Album and the Infringing Work that violate Plaintiffs' copyright interests in the Original Composition and/or Original Sound Recording.

104.   Plaintiffs are entitled to a full accounting of all net profits received by Defendants in connection with the creation, marketing, distribution and sale of the Infringing Composition, Infringing Sound Recording and Infringing Album.

105.   Accordingly, due to the abovementioned violations of federal, state, and common law, Plaintiffs demand that the Defendants render an accounting to ascertain the amount of such profits which have been realized to such violations.

106.   As a direct and proximate result of the Defendants' misappropriation, Plaintiffs have been damaged, and Defendants have been unjustly enriched, in an amount to be proven at trial for which damages and/or restitution and disgorgement are appropriate.  Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants, and each of them, are constructive trustees for the benefit of Plaintiffs and order that Defendants convey to the Plaintiffs all gross receipts and benefits received or to be received that are attributable to the infringement of the Original Composition and/or Original Sound Recording.

107.   The exact amount of money due from Defendants is unknown to Plaintiffs, and can only be ascertained through an accounting.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a final judgment in their favor and as against Defendants, jointly and severally, as follows:

1.   Determining that Defendants have infringed on Plaintiffs' copyright

---

**COMPLAINT FOR DAMAGES**

interests in the Copyrighted Works;

2.      That Defendants, and their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on Plaintiffs' copyright in the subject Copyrighted Works or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the Copyrighted Works, in whatever medium, or to participate or assist in any such activity;

3.      That Defendants, and all their representatives, agents, servants, employees, officers, directors, partners, attorneys, subsidiaries, and all persons under their control or acting in active concert or participation with them, be ordered to immediately post a notice on each of its websites stating that the prior use of the subject Copyrighted Works was unauthorized;

4.      That Defendants, their affiliates and licensees, immediately cease and desist from any further recording, reproduction, distribution, transmission, or other use of the Copyrighted Works;

5.      That judgment be entered in favor of Plaintiffs and against Defendants for the actual damages suffered by Plaintiffs and for any profits attributable to the infringements of Plaintiffs' copyright in the Copyrighted Works, the amount of which, at present, cannot be fully ascertained;

6.      That judgment be entered in favor of Plaintiffs and against Defendants for statutory damages based on Defendants acts of infringement, pursuant to 17 U.S.C. § 504;

7.      That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs;

8.      That Defendants be ordered to furnish to Plaintiffs a complete and

accurate accounting of any and all profits earned in connection with their use of the subject Copyrighted Works, Infringing Work and Infringing Album;

9.      That judgment be entered in favor of Plaintiffs and against Defendants for punitive damages for their willful disregard of Plaintiffs' rights;

10.     That judgment be entered against Defendants for Plaintiffs' costs, disbursement and attorneys' fees pursuant to 17 U.S.C. §§ 101, *et seq.;* and

11.     That the Court grant such other and further relief as this Court deems just, proper, and equitable under the circumstances.

Dated: August 30, 2016          **IVIE, McNEILL & WYATT**

By:     __/S/ Antonio K. Kizzie, Esq._____
                 **RICKEY IVIE**
                 **RODNEY S. DIGGS**
                 **ANTONIO K. KIZZIE**
                 **ELVIN TABAH**
                 **SAMUEL CHILAKOS**
                 **ATTORNEYS FOR Plaintiffs**
                 **YOURS MINE AND OURS**
                 **MUSIC, LARRY WHITE, Estate of**
                 **GRADY WILKINS, by and**
                 **through his heir CONNIE**
                 **WILKINS, Estate of LEE PETERS,**
                 **by and through his heir LISA**
                 **PETERS**

**COMPLAINT FOR DAMAGES**